

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00150-CR

---

Ex Parte Ramon Campbell

---

On Appeal from the 120th District Court
El Paso County, Texas
Trial Court No. 20040D00525-120-4

---

## MEMORANDUM OPINION

On June 9, 2026, the State filed a motion to dismiss this appeal, arguing that the appellant's notice of appeal was not timely filed and that this appeal should therefore be dismissed for want of jurisdiction. Finding that Appellant, Ramon Campbell, did not file his notice of appeal within thirty days after the entry of the appealable order, we grant the motion and dismiss the appeal.

On November 13, 2025, Campbell, who is representing himself, filed an "Application for Writ of Habeas Corpus Under Texas Code of Criminal Procedure Article 11.072." In the application, Campbell sought relief from the trial court's September 16, 2004 judgment finding

that the evidence in the criminal case against Campbell substantiated his guilt, deferring further proceedings in the case without entering an adjudication of Campbell's guilt, and placing Campbell on community supervision for the felony offense of aggravated sexual assault of a child.

The trial court denied Campbell's Article 11.072 habeas application on January 28, 2026.

Campbell filed a motion for new trial on February 19, 2026, and he subsequently filed a notice of appeal on April 14, 2026.

In a criminal case, a defendant's notice of appeal generally must be filed "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order." Tex. R. App. P. 26.2(a)(1). However, if the defendant files a motion for new trial, the notice of appeal must be filed "within 90 days after the day sentence is imposed or suspended in open court." Tex. R. App. P. 26.2(a)(2).

But a motion for new trial only extends the deadline for filing a notice of appeal if the defendant is appealing from a trial court's judgment or order that imposes or suspends a sentence; a motion for new trial does not extend the deadline for appealing from any other appealable order. *See Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd). And an order denying habeas relief under Article 11.072 does not impose or suspend a sentence. *See id.* As a result, a motion for new trial is ineffective to extend the deadline for filing a notice of appeal from a trial court's order denying relief under Article 11.072, and an appellant seeking relief from such an order must file a notice of appeal within 30 days after the trial court enters the order denying relief.[1] *See id.*

---

[1] The deadline for filing a notice of appeal may also be extended "if, within 15 days after the deadline for filing the notice of appeal," a party files both a notice of appeal in the trial court and a motion in the appellate court requesting an extension of time to file the notice of appeal. Tex. R. App. P. 26.3. But Campbell's notice of appeal was filed 76 days after the trial court entered its order, which was more than 15 days after the original deadline, and Campbell has not filed a motion for extension of time to file his notice of appeal in this Court.

Here, Campbell attempts to appeal from the trial court's order denying his application for relief under Article 11.072. But his notice of appeal was filed 76 days after the trial court entered its order. As a result, Campbell's notice of appeal was not timely, and we lack jurisdiction over this appeal.

Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction. *See id.* We dismiss any other pending motions as moot.

GINA M. PALAFOX, Justice

July 1, 2026

Before Palafox and Soto, JJ., Longoria, J. (Senior Judge)
Longoria, J. (Senior Judge), sitting by assignment

(Do Not Publish)